UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cv-80487-KAM

WADE GLENN WHITWORTH, JR.,
individually and on behalf of all
others similarly situated,	**CLASS ACTION**

    Plaintiff,	**JURY TRIAL DEMANDED**

v.

HH-ENTERTAINMENT, INC.
d/b/a HUSTLER HOLLYWOOD,
a foreign corporation,

    Defendant.
_____/

## AGREED ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS

The Parties to the above-captioned action ("Action") have agreed to settle the Action pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release ("Settlement"). The Parties reached the Settlement through arm's-length negotiations. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims in exchange for HH-Entertainment, Inc. d/b/a Hustler Hollywood ("HH-Entertainment") payment of $750,000.00, inclusive of all attorneys' fees and costs.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion"). Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court

finds that: (1) this Court has jurisdiction; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's attorney's fees application and request for a Service Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding.

3. Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representative and Class Counsel

4. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.,* 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class.

> All persons within the United States who (1) used a credit or debit card; (2) for a transaction at one of HHE's retail locations; and (3) were provided a point of sale receipt that displayed more than the last 5 digits of the card's account number and/or the expiration date of the card; (4) from April 18, 2015 to and including the date of preliminary approval of this class action settlement.

The following are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) HH-Entertainemnt, as well as any parent, subsidiary, affiliate or control person of HH-Entertainment, and the officers, directors, agents, servants or employees of HH-Entertainemnt; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class member who timely opts-out of the Settlement; and (6) Plaintiff's Counsel and their employees.

6. Specifically, the Court finds, for settlement purposes, that the Settlement Class

3

satisfies the following factors of Federal Rule of Civil Procedure 23:

 (a) <u>Numerosity</u>: In the Action, approximately 83,000 individuals, spread out across several states, are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

 (b) <u>Commonality</u>: The threshold for commonality under Rule 23(a)(2) is not high. "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is readily satisfied. There are multiple questions of law and fact, centering on HH-Entertainemnt class-wide practices, that are common to the Plaintiff and the Settlement Class, that are alleged to have injured all members of the Settlement Class in the same way, and that would generate common answers central to the viability of the claims were this case to proceed to trial.

 (c) <u>Typicality</u>: The Plaintiff's claims also are typical of the Settlement Class because they concern the same alleged HH-Entertainemnt practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001) (named

plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d) <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class. Class Counsel here regularly engage in consumer class litigation, complex litigation, and other litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan,* 221 F.3d 1235, 1253 (11th Cir. 2000).

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied as well because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.,* 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). The predominance requirement is satisfied here because common questions

present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged HH-Entertainment practices as well as the same legal theories.

7. The Court appoints Plaintiff, Wade Glenn Whitworth, Jr., as Class Representative.

8. Subject to possible later additions in accord with the provisions of the Settlement, the Court appoints the following people and firms as Class Counsel:

> Manuel S. Hiraldo, Esq.
> Hiraldo P.A.
> 401 E. Las Olas Boulevard
> Suite 1400
> Ft. Lauderdale, Florida 33301
> 954.400.4713 (tel.)
>
> Andrew J. Shamis, Esq.
> Shamis & Gentilre, P.A.
> 14 NE 1st Avenue, Suite 400
> Miami, Florida 33132
> 305.479.2299 (tel.)
>
> Adam M. Ludwin
> Ludwin Law Group, P.A.
> 1732 S. Congress Ave.
> Suite 326
> Lake Worth, Florida 33461
> 561.613.7392 (tel.)

Preliminary Approval of the Settlement

9. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties'

good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.,* 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

10. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

Approval of the Notice Program and the Claims Process

11. The Court approves the form and content of the Notice, substantially in the forms attached as Exhibits 1, 2, 3 and 4 to the Settlement, and the Claim Form attached thereto as Exhibit 5. The Court further finds that the Notice program, described in the Agreement is the best practicable under the circumstances. The Notice program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action,

certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's attorney's fees application, and/or the request for a Service Award for Plaintiff. The Notice and Notice program constitute sufficient notice to all persons entitled to notice. The Notice and Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

12.     The Court directs that Angeion Group shall serve as the Settlement Administrator, Escrow Agent and Notice Administrator.

13.     The Settlement Administrator and Notice Administrator shall implement the Notice program, as set forth below and in the Settlement, using substantially the forms of Notice attached as Exhibits 1, 2, 3 and 4 to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Notice program, as specified in the Settlement and approved by this Preliminary Approval Order.

*Settlement Website*

14.     The Settlement Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Notice program. The Settlement Website shall include the Claim Forms, hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for HH-Entertainment agree to include. These documents shall remain on the Settlement Website at least until Final

Approval.

15.     The Notice Administrator is directed to perform all substantive responsibilities with respect to effectuating the Notice Program, as set forth in the Settlement.

Final Approval Hearing, Opt-Outs, and Objections

16.     A Final Approval Hearing shall be held before this Court on **Friday, July 6, 2018 at 9:00 a.m.** to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order, and whether Class Counsel's attorneys' fees application and request for a Service Award for the Class Representative should be granted.

17.     The Court directs that any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period.  To be valid and timely, opt-out requests must be received by all those listed in the Long-Form Notice on or before the last day of the Opt-out Period , which is 30 days before the Final Approval Hearing ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice.

18.      The Court further directs that any Settlement Class Member may object to the Settlement, Class Counsel's attorney's fees application and/or the request for a Service Award for Plaintiff.  Any such objections must be mailed to the Clerk of the Court, Class Counsel, and HH-Entertainment's Counsel, at the addresses indicated in the Long-Form Notice.  For an objection to be considered by the Court, the objection must be postmarked no later than 30 days before the Final Approval Hearing, as set forth in the Notice.  To be valid, an objection must include the following information:

   a.   the name of the Action;

b. the objector's full name, address and telephone number;

c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Application;

g. a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i. the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.  the objector's signature (an attorney's signature is not sufficient).

Further Papers in Support of Settlement and Attorney's Fee Application

19. Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and request for a Service Award for Plaintiff, no later than 45 days prior to the Final Approval Hearing.

20. Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later 15 days prior to the Final Approval Hearing.

Effect of Failure to Approve Settlement

21. In the event the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing contained in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against HH-Entertainment or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information

regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar of Other Proceedings

22. All proceedings in the Action are **STAYED** until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

23. Based upon the foregoing, the Motion for Preliminary Approval of Class Action Settlement (DE 49) is **GRANTED**. The pending Motion to Dismiss (DE 14) is **DENIED** without prejudice for administrative purposes.

24. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| **Event** | **Date** |
|---|---|
| Deadline to Complete Notice Program | 45 days before the Final Approval Hearing |
| Deadline for opting-out of Settlement and submission of objections | 30 days prior to the Final Approval Hearing |
| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses | 45 days prior to the Final Approval Hearing |
| Responses to Objections | 15 days prior to the Final Approval Hearing |

| The Final Approval Hearing | **Friday, July 6, 2018 at 9:00 a.m.** |
|---|---|
| The last day that Settlement Class members may submit a Claim Form to the Settlement Administrator | 15 days after the Final Approval Hearing |

**DONE and ORDERED** in Chambers, West Palm Beach, Palm Beach County, Florida, this 23rd day of February, 2018

                                        KENNETH A. MARRA
                                      United States District Judge